1  JOSEPH A. WALKER, State Bar No. 47223
   JASON MATTHEW LAMB, State Bar No. 222191
2  THE WALKER LAW FIRM,
   A Professional Corporation
3  1301 Dove Street, Suite 720
   Newport Beach, California 92660-2464
4  Telephone: (949) 752-2522
   Facsimile: (949) 752-0439
5  e-mail: jwalker@twlf.net & jlamb@twlf.net

6  Attorneys for Defendants,
   GLAM DOLL, INC., ANGELA BUONYA, and CARLOS BAYONA

7

8              UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                  EASTERN DIVISION

11  BEAUTY 21 COSMETICS, INC., a          )  Case No.: **EDCV14-00882 JGB (DTBx)**
    California corporation,               )  Assigned to Honorable Jesus G.
12                                        )  Bernal
                                          )
13          Plaintiff,                    )
                                          )  **MEMORANDUM OF POINTS AND**
14      v.                                )  **AUTHORITIES IN SUPPORT OF MOTION**
                                          )  **FOR SUMMARY JUDGMENT, OR IN THE**
15  GLAM DOLL, INC., a business           )  **ALTERNATIVE MOTION FOR SUMMARY**
    entity of unknown location and        )  **ADJUDICATION, BY DEFENDANT CARLOS**
16  jurisdiction; ANGELA BUONYA, an       )  **BAYONA**
    individual; and CARLOS BAYONA, an     )
17  individual,                           )  Hearing
                                          )  Date: December 22, 2014
18          Defendants.                   )  Time: 9:00 a.m.
    _____        )  Dept.: Courtoom 1

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . iii

MEMORANDUM OF POINTS AND AUTHORITIES

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . 1

II.  STATEMENT OF LAW . . . . . . . . . . . . . . . . 2

     A.   Summary Judgment Standards . . . . . . . . . . . 2

     B.   Copyright Infringement under Federal Law . . . . . . . . 3

     C.   Misappropriation of Trade Secrets under California State
          Law . . . . . . . . . . . . . . . . . . . . . 4

     D.   Breach of Contract under California Law . . . . . . . . 6

     E.   Unfair Competition under California Law . . . . . . . . 6

III. STATEMENT OF UNCONTROVERTED FACTS . . . . . . . . 8

     A.   Bayona Did Not Produce, Prepare, Distribute, Perform And/or
          Display the Graphic Art Alleged to Infringe Plaintiff's
          Copyright . . . . . . . . . . . . . . . . . . . 8

     B.   Bayona Did Not Use Any Alleged Trade Secrets . . . . . . 9

     C.   Bayona Did Not Breach the Company Confidential Information
          or the  Beauty 21 Cosmetics, Inc. Termination Certificate 10

     D.   Bayona Cannot Unfairly Compete with Plaintiff as He Is Not
          Competing with Plaintiff in Any Manner . . . . . . . . 12

IV.  LEGAL ARGUMENT . . . . . . . . . . . . . . . . . 16

     A.   Bayona Is Not Liable for Copyright Infringement under
          Federal Law . . . . . . . . . . . . . . . . . . 16

     B.   Bayona Is Not Liable for Misappropriation of Trade Secrets
          under California Law . . . . . . . . . . . . . . 17

     C.   Bayona Is Not Liable for Breach of Contract under
          California Law . . . . . . . . . . . . . . . . . 18

     D.   Bayona Is Not Liable for Unfair Competition under
          California Law . . . . . . . . . . . . . . . . . 19

V.   CONCLUSION . . . . . . . . . . . . . . . . . . . 20

**TABLE OF AUTHORITIES**

Page

**CASES**

Agency Solutions.Com, LLC v. TriZetto Group, Inc.,
819 F.Supp.2d 1001 (E.D. Cal. 2011). . . . . . . . . . . . . 5

Celotex Corp. v. Catrett,
477 U.S. 317 (1986). . . . . . . . . . . . . . . . . . . . . 3

C. Valley Gen. Hosp. v. Smith,
162 Cal.App.4th 501 (2008). . . . . . . . . . . . . . . . . 6

CMAX/Cleveland, Inc. v. UCR, Inc.,
804 F.Supp. 337 (M.D. Ga. 1992). . . . . . . . . . . . . . 4

Cruz v. U.S.,
219 F.Supp.2d 1027 (N.D. Cal. 2002). . . . . . . . . . . . 7

Jurin v. Google Inc.,
768 F.Supp.2d 1064 (E.D. Cal. 2011). . . . . . . . . . . . 6

Korea Supply Co. v. Lockheed Martin Corp.,
29 Cal.4th 1134 (2003). . . . . . . . . . . . . . . . . . . 7

Northwest Motorcycle Assoc. v. U.S.D.A,
18 F.3d 1468 (9th Cir. 1994). . . . . . . . . . . . . . . . 2

Robinson v. Magee,
9 Cal. 81 (1858). . . . . . . . . . . . . . . . . . . . . . 6

Sebastian Intl., Inc. v. Rissolillo,
151 F.Supp.2d 1215 (C.D. Cal. 2001). . . . . . . . . . . . 2

Sony Corp of Am. v. Universal City Studios,
464 U.S. 417 (1984). . . . . . . . . . . . . . . . . . . . 4

Sun Microsystems, Inc. v. Microsoft Corp.,
87 F.Supp.2d 992 (N.D. Cal. 2000). . . . . . . . . . . . . 7

Therapeutic Research Faculty v. NBTY, Inc.,
488 F.Supp.2d 991 (E.D. Cal. 2007). . . . . . . . . . . . . 5

Uptown Drug Co. v. CVS Caremark Corp.,
962 F.Supp.2d 1172 (N.D. Cal. 2013). . . . . . . . . . . . 5

U.S. v. Sequel Contractors, Inc.,
402 F.Supp.2d 1142 (C.D. Cal. 2005). . . . . . . . . . . 7, 8

U.S. v. Wise,
550 F.2d 1180 (9th Cir. 1977). . . . . . . . . . . . . . . 4

/ / /

## TABLE OF AUTHORITIES (Cont'd)

Page

**STATUTES AND RULES**

17 U.S.C. § 501. . . . . . . . . . . . . . . . . . . . . 4

Cal. Bus. & Prof. Code § 17203. . . . . . . . . . . . . 7

Cal. Civ. Code § 1549. . . . . . . . . . . . . . . . . . 6

Cal. Civ. Code § 3426.1. . . . . . . . . . . . . . . . . 5

Fed. R. Civ. P. 56. . . . . . . . . . . . . . . . . . 2, 3

### MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant, CARLOS BAYONA ("Bayona"), hereby brings his Motion for Summary Judgment, or in the alternative Summary Adjudication, pursuant to Rule 56 of the Federal Rules of Civil Procedure (the "Motion") on the grounds that there are no genuine issues as to any material facts, and that he is entitled to summary judgment on all issues of Copyright Infringement, Misappropriation of Trade Secrets, Breach of Contract, and Unfair Competition alleged by Plaintiff, BEAUTY 21 COSMETICS, INC. ("Plaintiff").

### I.   INTRODUCTION

This is a case of legalbullying by Plaintiff against Bayona.  If cyberbullying is the use of information technology to repeatedly harm or harass other people in a deliberate manner, then legalbullying is the use of the legal system to repeatedly harm or harass other people in a deliberate manner.

In its Complaint filed May 2, 2014, Plaintiff has accused Bayona, a former employee that it fired in March 2014, of copyright infringement, misappropriation of trade secrets, breach of contract, and unfair competition.  Most, if not all, of the substantive allegations by Plaintiff against Bayona are upon information and belief.  Plaintiff, however, is required to only present claims that are supported by evidentiary support or after a reasonable opportunity for discovery will likely have evidentiary support.  With respect to the claims against Bayona, Plaintiff has had ample opportunity to discover if its informed and believed claims have evidentiary support. In more than six (6) months, Plaintiff has failed to discover evidentiary support for its claims.

After learning that its claims against Bayona lack evidentiary support, Plaintiff refused to dismiss the claims.  Bayona, therefore, brings the Motion on the grounds that there are no genuine issues as to any material facts, and that he is entitled to summary judgment on all issues of Copyright Infringement, Misappropriation of Trade Secrets, Breach of Contract, and Unfair Competition.  Plaintiff could have rightfully dismissed Bayona, but its refusal is consistent with its decision to use this Court for legalbullying.  This Court may properly grant the Motion and enter the requested Judgment.

## II.   STATEMENT OF LAW

### A.   Summary Judgment Standards

Rule 56(a) of the Federal Rules of Civil Procedure provides in pertinent:

> A party may move for summary judgment, identifying each
> claim or defense – or the part of each claim or defense – on
> which summary judgment is sought.  The court shall grant
> summary judgment if the movant shows that there is no
> genuine dispute as to any material fact and the movant is
> entitled to judgment as a matter of law.  The court should
> state on the record the reasons for granting or denying the
> motion.  Fed. R. Civ. P. 56(a).

The moving party "is entitled to summary judgment as a matter of law where, viewing the evidence and inferences arising therefrom in favor of the nonmovant, there are no genuine issues of material fact in dispute." Northwest Motorcycle Assoc. v. U.S.D.A, 18 F.3d 1468, 1472 (9th Cir. 1994).  As an alternative to summary judgment, "[a] court may grant summary adjudication of specific issues without granting summary judgment as to the entire cause of action so as to

narrow the issues for trial."  <u>Sebastian Intl., Inc. v. Rissolillo</u>,

151 F.Supp.2d 1215, 1217 (C.D. Cal. 2001).

In moving for summary judgment, Rule 56 of the Federal Rules of

Civil Procedure provides in pertinent part:

> <u>Supporting Factual Positions</u>.  A party asserting that a fact
> cannot be or is genuinely disputed must support the
> assertion by:
>
> (A)  citing to particular parts of materials in the record,
>      including depositions, documents, electronically stored
>      information, affidavits or declarations, stipulations
>      (including those made for purposes of the motion only),
>      admissions, interrogatory answers, or other materials;
>      or
>
> (B)  showing that the materials cited do not establish the
>      absence or presence of a genuine dispute, or that an
>      adverse party cannot produce admissible evidence to
>      support the fact.  Fed. R. Civ. P. 56(c)(1).

"[T]he plain language of Rule 56 mandates entry of summary

judgment … against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial."

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  The principal

purpose of the summary judgment rule "is to isolate and dispose of

factually unsupported claims."  <u>Id.</u> at 323-24.

**B.  <u>Copyright Infringement under Federal Law</u>**

17 U.S.C. Section 501 provides in pertinent part that "[a]nyone

who violates any of the exclusive rights of the copyright owner as

provided by sections 106 through 122 or of the author as provided in

1  section 106A(a) … is an infringer of the copyright or right of the

2  author, as the case may be.  17 U.S.C. § 501(a).

3     "'Anyone who violates any of the exclusive rights of the

4  copyright owner,' that is, anyone who trespasses into his exclusive

5  domain by using or authorizing the use of the copyrighted work in one

6  of the five ways set forth in the statute, 'is an infringer of the

7  copyright.'" <u>Sony Corp of Am. v. Universal City Studios</u>, 464 U.S. 417,

8  433 (1984).  "Any act that is inconsistent with a copyright holder's

9  exclusive rights constitutes infringement."  17 U.S.C. § 501(a); <u>see</u>

10 <u>also</u> <u>U.S. v. Wise</u>, 550 F.2d 1180, 1186 (9th Cir. 1977), <u>cert. denied</u>,

11 434 U.S. 929, 929 (1977).  "A copyright holder has the exclusive

12 rights of reproduction, preparation of derivative works, distribution,

13 performance and display."  <u>CMAX/Cleveland, Inc. v. UCR, Inc.</u>, 804

14 F.Supp. 337, 351 (M.D. Ga. 1992).

15    **C.   <u>Misappropriation of Trade Secrets under California State Law</u>**

16    California Civil Code Section 3426.1 provides in pertinent part:

17    As used in this title, unless the context requires

18    otherwise:

19                                ...

20    (b)   "Misappropriation" means:

21         (1)   Acquisition of a trade secret of another by a

22               person who knows or has reason to know that the

23               trade secret was acquired by improper means; or

24         (2)   Disclosure or use of a trade secret of another

25               without express or implied consent….

26                                ...

27    (d)   "Trade secret" means information, including a formula,

28          pattern, compilation, program, device, method,

technique, or process, that:

(1)  Derives independent economic value, actual or
potential, from not being generally known to the
public or to other persons who can obtain economic
value from its disclosure or use; and

(2)  Is the subject of efforts that are reasonable
under the circumstances to maintain its secrecy.

Cal. Civ. Code § 3426.1(b), (d).

"To prevail on a claim for misappropriation of trade secrets, a plaintiff must prove: '(1) the existence of a trade secret, and (2) misappropriation of the trade secret.'" Uptown Drug Co. v. CVS Caremark Corp., 962 F.Supp.2d 1172, 1185 (N.D. Cal. 2013) (citing AccuImage Diagnostics Corp. v. Terarecon, Inc., 260 F.Supp.2d 941, 950 (N.D. Cal. 2003).).  To prevail on a misappropriation of trade secrets claim, a plaintiff "must show that (1) the misappropriated information constitutes a trade secret, *(2) the defendant 'used' the trade secret*, and (3) the plaintiff was actually damaged by the misappropriation or the defendant was unjustly enriched by such misappropriation and use." Therapeutic Research Faculty v. NBTY, Inc., 488 F.Supp.2d 991, 999 (E.D. Cal. 2007) (citing FAS Techs. Ltd. v. Dainippon Screen Mfg., Co. Ltd., 2001 WL 637451, at *3 (N.D. Cal. 2001).) (emphasis added).  Use is found if the defendant employs "the confidential information in manufacturing, production, research or development, marketing goods that embody the trade secret, or soliciting customers through the use of trade secret information, all constitute use." Agency Solutions.Com, LLC v. TriZetto Group, Inc., 819 F.Supp.2d 1001, 1028 (E.D. Cal. 2011) (citing PMC, Inc. v. Kadisha, 78 Cal.App.4th 1368, 1383 (2000).).

**D.   Breach of Contract under California Law**

California Civil Code Section 1549 provides: "A contract is an agreement to do or not to do a certain thing."  Cal. Civ. Code § 1549.  Courts have defined the term as follows: "A contract is a voluntary and lawful agreement, by competent parties, for a good consideration, to do or not to do a specified thing." Robinson v. Magee, 9 Cal. 81, 83 (1858).

"Under California law, to state a claim for breach of contract, plaintiff must show: 1) the existence of the contract; 2) plaintiff's performance or excuse for nonperformance of the contract; 3) defendant's breach of the contract; and 4) resulting damages."  Jurin v. Google Inc., 768 F.Supp.2d 1064, 1073 (E.D. Cal. 2011) (citing Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co., 116 Cal.App.4th 1375, 1391 n. 6 (2004).)

"California law recognizes that a contract may be breached by nonperformance…."  C. Valley Gen. Hosp. v. Smith, 162 Cal.App.4th 501, 514 (2008).  Breach by nonperformance means "an unjustified failure to perform a material contractual obligation when performance is due."  Id. at 514 n. 3.

**E.   Unfair Competition under California Law**

California Business and Professions Code Section 17203 provides in pertinent part:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction.  The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as

defined in this chapter, or as may be necessary to restore
to any person in interest any money or property, real or
personal, which may have been acquired by means of such
unfair competition.  Cal. Bus. & Prof. Code § 17203.

"'The [unfair competition law] imposes liability for unfair
competition, which is defined as "any unlawful, unfair or
fraudulent business act or practice."'  The remedies an
individual may seek under the UCL are limited to injunctive
relief and restitution." U.S. v. Sequel Contractors, Inc., 402
F.Supp.2d 1142, 1156 (C.D. Cal. 2005) (citations omitted); see
also Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134,
1144 (2003).

Injunctive relief is only available for continuing or
ongoing conduct, or threatened future conduct.  "California law
specifically provides for injunctive relief to enjoin acts of
unfair competition.  However, injunctive relief under section
17203 has no application to completed wrongs absent a showing of
threatened future harm or a continuing violation.  Sun
Microsystems, Inc. v. Microsoft Corp., 87 F.Supp.2d 992, 1004
(N.D. Cal. 2000) (citations omitted).  "The injunctive remedy
should not be exercised 'in the absence of any evidence that the
acts are likely to be repeated in the future.'" Cruz v. U.S., 219
F.Supp.2d 1027, 1043 (N.D. Cal. 2002) (citing Cisneros v. U.D.
Registry, Inc., 39 Cal.App.4th 548, 574 (1995).).

Damages are not available, only restitution is available.
"[I]n the context of the [unfair competition law], 'restitution'
is limited to the return of property or funds in which the
plaintiff has an ownership interest[.]" Sequel Contractors, Inc.,

1   402 F.Supp.2d at 1156 (citations omitted).  "Damages are not an

2   available remedy under the [unfair competition law]."  Id.

3                III.   STATEMENT OF UNCONTROVERTED FACTS

4        A.   **Bayona Did Not Produce, Prepare, Distribute, Perform And/or**

5             **Display the Graphic Art Alleged to Infringe Plaintiff's**

6             **Copyright**

7        Plaintiff filed its Complaint against Bayona alleging violation

8   and infringement of Plaintiff's copyrighted work.  State.

9   Uncontroverted Facts & Conclusions Law Support M.S.J., or Alt. M.S.A.,

10  Def. Carlos Bayona ("SSUF"), ¶ 4 (Nov. #, 2014).  Plaintiff alleges

11  that Bayona "infringed Beauty 21's copyrights in its graphic art by

12  reproducing and publishing its copyrighted works, by making derivative

13  works based on the same, and by publicly displaying the copyrighted

14  work without authorization from Beauty 21."  SSUF, ¶ 5.

15       Plaintiff alleges that it created a piece of graphic art titled

16  Valentine's Day Ads. SSUF, ¶ 6.  Plaintiff alleges that it received a

17  copyright registration for the Valentine's Day Ads graphic art.  SSUF,

18  ¶ 7.  Plaintiff alleges that graphic art that it created and owns a

19  copyright on was used by Bayona in advertisements in or about February

20  2014.  SSUF, ¶ 8.

21       The graphic art that was used in advertisements in or about

22  February 2014 was not produced by or authorized to be produced by

23  Bayona, prepared by or authorized to be prepared by Bayona,

24  distributed by or authorized to be distributed by Bayona, performed by

25  or authorized to be performed by Bayona, and/or displayed or

26  authorized to be displayed by Bayona.  SSUF, ¶ 9.

27  / / /

28  / / /

### B. __Bayona Did Not Use Any Alleged Trade Secrets__

Plaintiff has filed its Complaint against Bayona alleging misappropriation of trade secrets. SSUF, ¶ 10. Plaintiff alleges upon information and belief that Bayona "[has] misappropriated Beauty 21's trade secrets through the unauthorized disclosure and use of trade secrets for [his] own benefit and for the benefit of the other [d]efendants." SSUF, ¶ 11. Plaintiff further alleges that it has been damaged "in an amount to be determined at trial." SSUF, ¶ 11.

Plaintiff has identified its trade secrets as "non-public business information specific to Beauty 21's customers, including but not limited to the identity of Beauty 21's customers, information maintained to address customers' particularized needs, pricing strategies, customer support strategies, and sales and marketing strategies." SSUF, ¶ 12.

Bayona does not currently possess, have custody of, or control any of the following items: (a) Plaintiff's information maintained to address customers' particularized needs; (b) Plaintiff's PowerPoint® presentations; (c) Plaintiff's customer supply strategies; (d) Plaintiff's customer lists and/or customer contacts; (e) Plaintiff's vendor lists; (f) Plaintiff's sales strategies; (g) Plaintiff's marketing strategies; (h) Plaintiff's pricing; (i) Plaintiff's pricing strategies; and (j) Plaintiff's advertising ads or artworks. SSUF, ¶ 13.

Since being terminated by Plaintiff, Bayona has not used any of the following items: (a) Plaintiff's information maintained to address customers' particularized needs; (b) Plaintiff's PowerPoint® presentations; (c) Plaintiff's customer supply strategies; (d) Plaintiff's customer lists and/or customer contacts; (e) Plaintiff's

vendor lists; (f) Plaintiff's sales strategies; (g) Plaintiff's marketing strategies; (h) Plaintiff's pricing; (i) Plaintiff's pricing strategies; and (j) Plaintiff's advertising ads or artworks.  SSUF, ¶ 14.

Plaintiff alleges that Bayona had "been forwarding and copying business e-mails with proprietary information to [his] personal email address."  SSUF, ¶ 15.  While employed, Bayona was not the only person to send business e-mails with proprietary information to his personal email address.  SSUF, ¶ 15.  Chelsea Trinh, David Trinh, Janey Noquez, Mike Yu, Charles Yu, and Clarissa Solis all sent proprietary information to Bayona's personal email address.  SSUF, ¶ 15.  This was done for business reasons when Bayona worked at home and after business hours to promote the business interests of Plaintiff.  SSUF, ¶ 15.  Any proprietary information sent to his personal email address during his employment with Plaintiff was done with the knowledge and/or authorization of Plaintiff. SSUF, ¶ 15.

**C.   Bayona Did Not Breach the Company Confidential Information or the  Beauty 21 Cosmetics, Inc. Termination Certificate**

Plaintiff has filed its Complaint against Bayona alleging breach of contract.  SSUF, ¶ 16.  Plaintiff alleges that Bayona "entered into a binding Company Confidential Information agreement with Beauty 21 requiring Bayona to keep confidential all Confidential Information that he acquired during his employment at Beauty 21."  SSUF, ¶ 17. Plaintiff further alleges on information and belief that Bayona "revealed and used such Confidential Information without authorization of Beauty 21 in breach of the Company Confidential Information agreement."  SSUF, ¶ 17.  Plaintiff further alleges that it has been damaged "in an amount to be determined at trial."  SSUF, ¶ 17.

1   Plaintiff alleges that Bayona executed the Company Confidential

2   Information and acknowledged it on Beauty 21 Cosmetics, Inc.

3   Termination Certificate.  SSUF, ¶ 18.

4        Bayona does not currently possess, have custody of, or control

5   any of Plaintiff's proprietary information, technical data, trade

6   secrets or know-how, including, but not limited to, research product

7   plans, products, services, customer lists and customers, markets,

8   software, developments, inventions, processes, formulas, technology,

9   designs, drawings, engineering, hardware configuration information,

10  marketing, finances or other business information disclosed to me by

11  Plaintiff.  SSUF, ¶ 19.  Bayona further does not currently possess,

12  have custody of, or control any of Plaintiff's devices, records, data,

13  notes, reports, proposals, lists, correspondence, specifications,

14  drawings, blueprints, sketches, materials, equipment, other documents

15  or property, or reproductions of any of the aforementioned items.

16  SSUF, ¶ 19.

17       Since being terminated by Plaintiff, Bayona has not revealed or

18  used Plaintiff's proprietary information, technical data, trade

19  secrets or know-how, including, but not limited to, research product

20  plans, products, services, customer lists and customers, markets,

21  software, developments, inventions, processes, formulas, technology,

22  designs, drawings, engineering, hardware configuration information,

23  marketing, finances or other business information disclosed to me by

24  Plaintiff.  SSUF, ¶ 20.  Since being terminated by Plaintiff, Bayona

25  further has not revealed or used Plaintiff's devices, records, data,

26  notes, reports, proposals, lists, correspondence, specifications,

27  drawings, blueprints, sketches, materials, equipment, other documents

28  / / /

1  or property, or reproductions of any of the aforementioned items.

2  SSUF, ¶ 20.

3       While employed by Plaintiff and since being terminated by

4  Plaintiff, Bayona has not disclosed any of Plaintiff's Confidential

5  Information to any third party.  SSUF, ¶ 21.

6       **D.   Bayona Cannot Unfairly Compete with Plaintiff as He Is Not**

7            **Competing with Plaintiff in Any Manner**

8       Plaintiff has filed its Complaint against Bayona alleging unfair

9  competition.  SSUF, ¶ 22.  Plaintiff alleges that Bayona has "engaged

10  in both unlawful and unfair business practices that have resulted in

11  business loss to Beauty 21, including loss of business opportunities

12  usurped by Glam Doll."  SSUF, ¶ 23.  Plaintiff further alleges that

13  Bayona has "injured, and continue[s] to injure, Beauty 21."  SSUF, ¶

14  23.

15       Bayona is not currently involved in any business activities that

16  compete with Plaintiff.  SSUF, ¶ 24.  Bayona has not usurped any of

17  Plaintiff's business opportunities.  SSUF, ¶ 24.  Bayona has not

18  developed, marketed, distributed or sold any beauty cosmetic products

19  in the United States or internationally.  SSUF, ¶ 24.

20       Bayona has no association or involvement with Defendant, GLAM

21  DOLL, INC. ("GD").  SSUF, ¶ 25.  GD is not organized and existing

22  under the laws of any State, and has no principal place of business.

23  SSUF, ¶ 25.  GD, moreover, has: (a) no business activities that

24  compete with Plaintiff; (b) has not usurped any of Plaintiff's

25  business opportunities; and (c) has not developed, marketed,

26  distributed or sold any beauty cosmetic products in the United States

27  or internationally.  SSUF, ¶ 25.

28  / / /

Bayona is a fifty percent (50%) member of Glam Doll International, LLC ("Glam Doll Int."). SSUF, ¶ 26. Glam Doll Int. is duly organized and existing under the laws of the State of California, with a principal place of business at 2372 Morse Avenue, Suite 169, Irvine, California 92614. SSUF, ¶ 26. Glam Doll Int. was formed on August 20, 2014, by the filing of Articles of Organization of a Limited Liability Company with the Secretary of State of the State of California under entity number 201423310362. SSUF, ¶ 26. Defendant, ANGELA BUONYA ("Buonya"), is also a fifty percent (50%) member of Glam Doll Int. SSUF, ¶ 26.

Glam Doll Int. has: (a) no business activities that compete with Plaintiff; (b) has not usurped any of Plaintiff's business opportunities; and (c) has not developed, marketed, distributed or sold any beauty cosmetic products in the United States or internationally. SSUF, ¶ 27. Glam Doll Int., moreover, does not currently possess, have custody of, or control any of the following items: (a) Plaintiff's information maintained to address customers' particularized needs; (b) Plaintiff's PowerPoint® presentations; (c) Plaintiff's customer supply strategies; (d) Plaintiff's customer lists and/or customer contacts; (e) Plaintiff's vendor lists; (f) Plaintiff's sales strategies; (g) Plaintiff's marketing strategies; (h) Plaintiff's pricing; (i) Plaintiff's pricing strategies; and (j) Plaintiff's advertising ads or artworks. SSUF, ¶ 28. Glam Doll Int. does not currently possess, have custody of, or control any of Plaintiff's proprietary information, technical data, trade secrets or know-how, including, but not limited to, research product plans, products, services, customer lists and customers, markets, software, developments, inventions, processes, formulas, technology, designs,

drawings, engineering, hardware configuration information, marketing, finances or other business information disclosed to me by Plaintiff. SSUF, ¶ 29. Glam Doll Int. further does not currently possess, have custody of, or control any of Plaintiff's devices, records, data, notes, reports, proposals, lists, correspondence, specifications, drawings, blueprints, sketches, materials, equipment, other documents or property, or reproductions of any of the aforementioned items. Glam Doll Int., moreover, has not used any of Plaintiff's proprietary information. SSUF, ¶ 29.

Glam Doll Int. has not had and does not foresee that: (a) It will ever have any sales of any kind; (b) It will ever have any marketing plans; (c) It will ever have any products to sale and distribute; and (d) It will ever have any pricing lists, vendor lists, and/or client lists. SSUF, ¶ 30. Glam Doll Int. has no employees, independent contractors, websites, social media pages, phones, computers, bank accounts, or other electronic and non-electronic communication capabilities. Bayona SSUF, ¶ 31.

Bayona is a fifty percent (50%) member of Kolor Planet, LLC ("Kolor Planet"). SSUF, ¶ 32. Kolor Planet is duly organized and existing under the laws of the State of California, with a principal place of business at 2372 Morse Avenue, Suite 169, Irvine, California 92614. SSUF, ¶ 32. Kolor Planet was formed on August 13, 2014, by the filing of Articles of Organization of a Limited Liability Company with the Secretary of State of the State of California under entity number 201422710001. SSUF, ¶ 32. Buonya is also a fifty percent (50%) member of Kolor Planet. SSUF, ¶ 31.

Kolor Planet has: (a) no business activities that compete with Plaintiff; (b) has not usurped any of Plaintiff's business

1  opportunities; and (c) has not developed, marketed, distributed or

2  sold any beauty cosmetic products in the United States or

3  internationally.  SSUF, ¶ 33.  Kolor Planet intends to be a repping

4  group domestically and internationally for a broad base range of

5  consumer goods.  SSUF, ¶ 33.  Kolor Planet, moreover, does not

6  currently possess, have custody of, or control any of the following

7  items: (a) Plaintiff's information maintained to address customers'

8  particularized needs; (b) Plaintiff's PowerPoint® presentations; (c)

9  Plaintiff's customer supply strategies; (d) Plaintiff's customer lists

10 and/or customer contacts; (e) Plaintiff's vendor lists; (f)

11 Plaintiff's sales strategies; (g) Plaintiff's marketing strategies;

12 (h) Plaintiff's pricing; (i) Plaintiff's pricing strategies; and (j)

13 Plaintiff's advertising ads or artworks.  SSUF, ¶ 34.  Kolor Planet

14 does not currently possess, have custody of, or control any of

15 Plaintiff's proprietary information, technical data, trade secrets or

16 know-how, including, but not limited to, research product plans,

17 products, services, customer lists and customers, markets, software,

18 developments, inventions, processes, formulas, technology, designs,

19 drawings, engineering, hardware configuration information, marketing,

20 finances or other business information disclosed to me by Plaintiff.

21 SSUF, ¶ 35.  Kolor Planet further does not currently possess, have

22 custody of, or control any of Plaintiff's devices, records, data,

23 notes, reports, proposals, lists, correspondence, specifications,

24 drawings, blueprints, sketches, materials, equipment, other documents

25 or property, or reproductions of any of the aforementioned items.

26 Kolor Planet, moreover, has not used any of Plaintiff's proprietary

27 information.  SSUF, ¶ 35.

28 / / /

1   Kolor Planet has not had and does not foresee that: (a) It will

2   have any sales of any kind in the next six (6) to nine (9) months; (b)

3   It will have any marketing plans in the next six (6) to nine (9)

4   months; (c) It will have any products to sale and distribute for the

5   next six (6) to nine (9) months; and (d) It will have any pricing

6   lists, vendor lists, and/or client lists for the six (6) to nine (9)

7   months.  SSUF, ¶ 36.  Kolor Planet has no employees, independent

8   contractors, websites, social media pages, phones, computers, bank

9   accounts, or other electronic and non-electronic communication

10  capabilities.  SSUF, ¶ 37.

11              **IV.   LEGAL ARGUMENT**

12  **A.   <u>Bayona Is Not Liable for Copyright Infringement under</u>**

13       **<u>Federal Law</u>**

14       To be liable for copyright infringement, Bayona must have

15  trespassed into the exclusive domain of Plaintiff by using or

16  authorizing the use of the copyrighted work in one of five ways.

17  Absent the use or authorizing the use of the copyrighted work by

18  Bayona, there simply is no act inconsistent with Plaintiff's exclusive

19  rights to constitute infringement.  Plaintiff has no evidence to

20  support its claims that Bayona infringed its rights in the Valentine's

21  Day Ad graphic art work.

22       Here, assuming arguendo that Plaintiff has an enforceable

23  copyright registration, there is no infringement as the uncontroverted

24  facts demonstrate that Bayona did not use or authorize the use of

25  Plaintiff's Valentine's Day Ad graphic art in any of the five ways.

26  The graphic art that Plaintiff alleges infringes its copyright was not

27  produced by or authorized to be produced by Bayona, prepared by

28  authorized to be prepared by Bayona, distributed by or authorized to

1  be distributed by Bayona, performed by me authorized to be performed
2  by Bayona, and/or displayed by me authorized to be displayed by
3  Bayona.  Bayona did not and could not infringe any alleged copyright
4  of Plaintiff if he did not do any act.  Plaintiff cannot overcome
5  these uncontroverted facts, and, as such, there are no genuine issues
6  of material fact in dispute with respect to Plaintiff's allegations of
7  copyright infringement against Bayona.

8      This Court may properly grant the Motion on the issue of
9  copyright infringement, and, as such, enter judgment in Bayona's favor
10 and against Plaintiff.

11     **B.**   **Bayona Is Not Liable for Misappropriation of Trade Secrets**
12          **under California Law**

13     To be liable for misappropriation of trade secrets, Bayona must
14 have used a trade secret or trade secrets, i.e., employed Plaintiff's
15 confidential information in manufacturing, production, research or
16 development, marketing goods that embody the trade secret, or
17 soliciting customers through the use of trade secret information.
18 Absent use by Bayona, there simply is no act that constitutes
19 misappropriation of trade secrets.  Plaintiff has no evidence to
20 support its claims that Bayona misappropriated its trade secrets.

21     Here, assuming arguendo that Plaintiff has enforceable trade
22 secrets, there is no misappropriation as the uncontroverted facts
23 demonstrate that Bayona does not possess and did not or cannot use
24 Plaintiff's: (a) information maintained to address customers'
25 particularized needs; (b) PowerPoint® presentations; (c) customer
26 supply strategies; (d) customer lists and/or customer contacts; (e)
27 vendor lists; (f) sales strategies; (g) marketing strategies; (h)
28 pricing; (i) pricing strategies; and (j) advertising ads or artworks.

The trade secrets that Plaintiff alleges have been misappropriated by Bayona have not been used in any manner.  Plaintiff will need to present some evidence of use by Bayona, but Bayona has not manufactured any goods, produced any goods, researched or developed any goods, marketed any goods that embody the trade secret, or solicited customers of Plaintiff.  Without any use by Bayona, Plaintiff has suffered no damage and Bayona has not been unjustly enriched.  Plaintiff cannot overcome these uncontroverted facts, and, as such, there are no genuine issues of material fact in dispute with respect to Plaintiff's allegations of misappropriation of trade secrets against Bayona.

This Court may properly grant the Motion on the issue of misappropriation of trade secrets, and, as such, enter judgment in Bayona's favor and against Plaintiff.

**C.    Bayona Is Not Liable for Breach of Contract under California Law**

To be liable for breach of contract, Bayona must have failed to perform a material contractual obligation when performance was due. Absent a failure to perform a material contractual obligation by Bayona, there simply is no breach, and, as such, no liability for breach of contract.  Plaintiff has no evidence to support its claims that Bayona breached any contract.

Here, assuming arguendo that Plaintiff has enforceable contracts, there is no breach as the uncontroverted facts demonstrate that Bayona does not possess, did not or cannot use, and did not disclose Plaintiff's Confidential Information.  The Confidential Information that Plaintiff alleges has been used or disclosed have not been used or disclosed in any manner.  Plaintiff must present some evidence of

1    use and disclosure by Bayona, but Bayona has not manufactured any

2    goods, produced any goods, researched or developed any goods, marketed

3    any goods that embody the Confidential Information, or solicited

4    customers of Plaintiff.  Without any use or disclosure by Bayona,

5    Bayona has not breached any material contractual obligation.

6    Plaintiff, moreover, has suffered no damage.  Plaintiff cannot

7    overcome these uncontroverted facts, and, as such, there are no

8    genuine issues of material fact in dispute with respect to Plaintiff's

9    allegations of breach of contract against Bayona.

10       This Court may properly grant the Motion on the issue of breach

11   of contract, and, as such, enter judgment in Bayona's favor and

12   against Plaintiff.

13       **D.**   **Bayona Is Not Liable for Unfair Competition under California**

14            **Law**

15       To be liable for unfair competition, Bayona must have done some

16   unlawful, unfair or fraudulent business act or practice.  Absent an

17   unlawful, unfair or fraudulent business act or practice by Bayona,

18   there simply is no unfair competition, and, as such, no liability for

19   unfair competition.  Plaintiff has no evidence to support its claims

20   that Bayona has competed unfairly.

21       Here, Bayona, individually or through two (2) business entities

22   formed three (3) months after Plaintiff initiated this action, is not

23   conducting any business activities that could be deemed to compete

24   with Plaintiff, i.e., there are no products to market, no sales, no

25   client lists, no vendor lists, no webpages, no business activity of

26   any kind.  Bayona and his related business entities are not in

27   possession of any of Plaintiff's proprietary or confidential

28   information.  Bayona and his related business entities are not using

1   any of Plaintiff's proprietary or confidential information.  Bayona is

2   not undertaking any activity now or in the future that is unfair

3   competition, and, as such, Plaintiff is not entitled to any injunctive

4   relief.  Bayona has no profits from any alleged conduct, and, as such,

5   Plaintiff is not entitled to any restitution.  Without any unlawful,

6   unfair or fraudulent business act or practice by Bayona, Bayona has

7   not unfairly competed and Plaintiff has suffered no harm requiring

8   injunctive relief or restitution.  Plaintiff cannot overcome these

9   uncontroverted facts, and, as such, there are no genuine issues of

10  material fact in dispute with respect to Plaintiff's allegations of

11  unfair competition against Bayona.

12      This Court may properly grant the Motion on the issue of unfair

13  competition, and, as such, enter judgment in Bayona's favor and

14  against Plaintiff.

15                        **V.   CONCLUSION**

16      For the foregoing reasons, this Court may properly grant the

17  Motion for summary judgment, enter an order of summary judgment, and

18  enter a judgment in favor of Bayona.  Defendant, CARLOS BAYONA,

19  respectfully requests that this Court grant the Motion, enter the

20  requested order, and enter judgment against Plaintiff, BEAUTY 21

21  COSMETICS, INC., and in favor of Defendant, CARLOS BAYONA.

22

23  November 24, 2014                 **THE WALKER LAW FIRM,**
                                      **A Professional Corporation**
24
                                          /s/J.M. Lamb
25                          By:    _____
                                   JOSEPH A. WALKER
26                                 JASON MATTHEW LAMB
                                   Attorneys for Defendants, GLAM
27                                 DOLL, INC., ANGELA BUONYA, and
                                   CARLOS BAYONA
28